Edward 0. Baker, J.
In an action for damages for alleged breach of contract, defendant moves for summary judgment. Defendant was engaged in the sale at wholesale and retail of milk and milk products. Its Eastern Milk Division, with headquarters at Bayonne, New Jersey, included routes in Staten Island, Brooklyn and Northern New Jersey. On April 2, 1959, plaintiff purchased from defendant, for the sum of $100,000, 19 retail milk delivery routes operated by said defendant in Staten Island. The contract of sale, consummated after extensive negotiation among the parties and their respective attorneys, contained the following provision, which was included in the agreement upon the insistence of plaintiff’s attorney: “ Seventeenth: Seller agrees that if it should sell its wholesale dairy business in the Borough of Richmond, City of New York, other than as a part of a larger segment of its business, within one year from the date of closing hereunder it will give Buyer thirty (30) days in which to match the terms and conditions of any bona fide offer to purchase said' wholesale dairy business in the Borough of Richmond, City of New York, and that if Buyer shall meet the terms and conditions of said offer Seller will sell said wholesale dairy business to Buyer upon said terms and conditions.”
Within one year from the date of the sale to plaintiff of the Staten Island retail routes, defendant sold to Queens Farms Dairy, Inc., its Staten Island wholesale dairy business along with nine wholesale milk routes in Brooklyn and other miscellaneous properties for the sum of $700,000. Concededly, the defendant’s Brooklyn wholesale milk routes were in the aggregate more than 50% larger in volume of sales than the aggregate of the Staten Island wholesale milk routes. Defendant’s position is that the sale of the Staten Island wholesale routes in conjunction with the sale of a larger segment of its business (namely, the Brooklyn wholesale routes) was not violative of its obligations to plaintiff under paragraph “ Seventeenth” of the contract; that the language of the paragraph is clear and unambiguous and did not proscribe the sale which was, in fact, effected.
Plaintiff, maintains, as alleged in paragraph “ Eighth ” of its amended complaint, that “ The sale of the Staten Island wholesale dairy business by the defendant to Queens Farms Dairy Inc. was made ‘ other than as part of a larger segment of its business ’ in that the meaning and intent of paragraph ‘ Seventeenth ’ as negotiated between the plaintiff and defendant to *619 the aforesaid contract dated April 2, 1959 intended the sale of a ‘ larger segment of its business ’ to mean the entire Eastern Milk Division of the defendant, the headquarters of which are located in Hoboken, New Jersey.”
In support of its position, plaintiff submits the affidavits of its president, Mauskapf, and of its attorney, both of whom participated in the negotiations had prior to the signing of the contract. Each of them asserts that at all times prior to the consummation of the sale to plaintiff of the Staten Island retail routes, there was no “ segment ” of the defendant’s wholesale business consisting of the Brooklyn and Staten Island wholesale routes; that the Brooklyn and Staten Island divisions were separate and independently operated units, each forming part of the Eastern Milk Division. It is claimed that shortly before a conference had on August 28,1959, prior to the sale to Queens Farms Dairy, Inc., among plaintiff’s and defendant’s representatives, defendant transferred its Staten Island wholesale milk route depot from Staten Island to Brooklyn, so that it might then assert that the Staten Island division was, in fact, part of a “larger segment of its business,” within the meaning of the contract.
One Bussell, an officer of defendant, is alleged to have said, at one of the conferences at which the content of paragraph “Seventeenth” was discussed, “You understand that if we sell the entire Hoboken Milk Division [Eastern Milk Division] as a unit then you wouldn’t expect us to lose a deal. Otherwise the Biehmond five wholesale routes will be offered to you first but you will have to meet the price.”
I do not think it may be said as a matter of law that the language employed in paragraph “ Seventeenth” of the agreement is so clear and unambiguous as to bar parol proof of the intent of the parties. It is true, of course, as urged by defendant in its memorandum, that courts are not permitted to explore the actuality of the intent of the parties where the words employed in a contract have a precise, definite, and well understood meaning when used in connection with the subject matter of the contract. It is equally true, however, that where the language employed is imprecise, or is susceptible of more than one reasonable interpretation, parol proof may be received to ascertain intent. The language of the paragraph in question is not so explicit as to bar such proof, and the motion is, accordingly, denied.